UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

BRENT JAMES NASH,

          Plaintiff,          Case No. 1:22-cv-56

v.                                     Honorable Ray Kent

HEIDI E. WASHINGTON et al.,

          Defendants.
_____/

### ORDER OF PARTIAL DISMISSAL AND TRANSFER

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.5.) Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). Accordingly, the Court will dismiss Defendants Heidi E. Washington and Dana Nessel because Plaintiff fails to state a claim against them. The Court will also transfer this action because venue is proper only in the Eastern District of Michigan.

Plaintiff presently is incarcerated at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan, though the events giving rise to Plaintiff's action occurred at the St. Louis Correctional Facility (SLF) in St. Louis, Gratiot County, Michigan. Plaintiff sues Director of the Michigan Department of Corrections Heidi E. Washington and Attorney General

Dana Nessel, as well as the following SLF officials: Correctional Officer A. Bryce, Correctional Officer C. Turner, and Acting Warden Becky Carl. In his *pro se* complaint, Plaintiff alleges that while he was being escorted between housing units at SLF, he was "slammed face first onto the concrete." (Compl., ECF No. 1, PageID.4.) As a result of this incident, Plaintiff alleges that he sustained various injuries to his face and ankle. (*Id.*)

I.     **Defendants Washington and Nessel**

Plaintiff fails to make specific factual allegations against Defendants Washington and Nessel, other than to claim that they are involved due to their supervisory positions. Specifically, Plaintiff alleges that "[Defendant] Washington is involved in this because she oversee[]s the Michigan Department of Corrections," and "[Defendant] Nessel is involved in this because she is the attorney general for the State of Michigan." (Compl., ECF No. 1, PageID.4.)

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556

U.S. at 676. Plaintiff has failed to allege that Defendants Washington and Nessel engaged in any active unconstitutional behavior. Accordingly, Plaintiff fails to state a claim against them.

## II. Transfer

Under the revised venue statute, venue in federal-question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). The events underlying the complaint occurred in Gratiot County. The remaining Defendants (Defendants Bryce, Turner, and Carl) are public officials serving in Gratiot County, and they "reside" in that county for purposes of venue over a suit challenging official acts. *See Butterworth v. Hill*, 114 U.S. 128, 132 (1885); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). Gratiot County is within the geographical boundaries of the Eastern District of Michigan. 28 U.S.C. § 102(a). In these circumstances, venue is proper only in the Eastern District. Therefore:

**IT IS ORDERED** that Plaintiff's claims against Defendants Washington and Nessel are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that this case be transferred to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1406(a). **It is noted that this Court has not decided Plaintiff's motion to proceed *in forma pauperis*, nor has the Court fully reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. § 1997e(c).**

Dated: February 3, 2022   /s/ Ray Kent
Ray Kent
United States Magistrate Judge