UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENT JAMES NASH,
        #406338,

                Plaintiff,

                                        CASE No. 2:22-CV-10258
        v.                              HON. GEORGE CARAM STEEH

A. BRYCE, et al.,

                Defendants.

_____/

**<u>OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL</u>**

Plaintiff Brent James Nash, a state prisoner currently incarcerated at

the Oaks Correctional Facility in Manistee, Michigan, has filed a pro se civil

rights complaint pursuant to 42 U.S.C. § 1983. The plaintiff alleges

corrections officers at the St. Louis Correctional Facility in St. Louis,

Michigan, used excessive force against him, causing facial injuries and a

broken ankle. (ECF No. 1.) He originally filed his lawsuit in the Federal

District Court, Western District of Michigan, but as his complaint arose in

the Eastern District, that court transferred the matter here.[1] (ECF No. 3.)

The plaintiff has been granted *in forma pauperis* status. (ECF No. 6.)

---

[1] The Western District court also dismissed two defendants from the case for Plaintiff's failure to state a
claim against them, but otherwise noted it had not fully reviewed Plaintiff's complaint pursuant to 28
U.S.C. §§ 1915(e)(2), 1915A, or 42 U.S.C. § 1997e(c). (ECF No. 3, PageID.50-51.)

Upon review of the complaint, the Court concludes the plaintiff has failed to state a claim against defendant Becky Carl, and she will be dismissed from the case pursuant to 28 U.S.C. § 1915(g). The plaintiff's claims against the remaining defendants may proceed.

## I.

Corrections staff was transferring the plaintiff from one unit to another within the St. Louis Correctional Facility when the incident occurred. (Pet., ECF No. 1, PageID.4.) He alleges he was restrained with his hands cuffed behind his back during the transfer. (*Id.*) Defendant correctional officers A. Bryce and C. Turner slammed him face first onto the concrete, causing numerous facial abrasions as well as a fractured ankle. (*Id.*) The plaintiff asserts that he did "not attempt[] to kick, headbutt, or" otherwise cause injury to the officers before the incident. (*Id.* at PageID.37.)

The plaintiff named Becky Carl as a defendant "because she is the warden of St. Louis Correctional Facility" (*id.* at PageID.4); his factual allegations otherwise do not mention Carl. The plaintiff had also named as defendants Michigan Department of Corrections Director Heidi Washington and Michigan Attorney General Dana Nessel, but the Western District court dismissed both those defendants in its transfer order. (*See* ECF No. 3, PageID.50-51.)

-2-

The plaintiff seeks five million dollars as remedy for his injuries. (Id. at PageID.5.)

## II.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court must screen for colorable merit every prisoner complaint filed against a state or governmental entity, and is required to dismiss those prisoner actions in which the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). A complaint is frivolous if it lacks an arguable basis in law or fact and may be dismissed if it is "based on legal theories that are indisputably meritless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989)); *see also Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).

The dismissal standard under the PLRA is equivalent to that of Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). When evaluating a complaint under that standard, courts "construe the complaint in the light

most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 at 555 (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id.*

To establish a prima facie civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Harris v. Circleville*, 583 F.3d

356, 364 (6th Cir. 2009). The plaintiff must establish the liability of each individual defendant by that person's own conduct. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S.at 676.

III.

The plaintiff's complaint states, "Becky Carl is a defendant because she is the warden of St. Louis Correctional Facility." The plaintiff makes no other allegations against Carl, and has therefore failed to advance a claim upon which relief may be granted.

Respondeat superior does not apply to § 1983 claims and may not serve as a basis for liability. *See Iqbal*, 556 U.S. at 676; Hill v. Marshall, 962 F.2d 1209, 1213 (6th Cir. 1992). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Instead, liability must be premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The fact that a defendant was a supervising officer is not enough to impose liability on them under section 1983.

The plaintiff's claims against defendants Bryce and Turner survive. The Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true," and determine whether he has stated a claim for relief that is facially plausible. *Hill v. Snyder*, 878 F.3d at 203. Against that standard, the plaintiff's allegations that the defendants slammed his face into the concrete without provocation, causing injuries, present a plausible claim. Accordingly, they survive screening pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The complaint may proceed against the remaining defendants.

## IV.

For the reasons stated above, the plaintiff has failed to state a claim against defendant Becky Carl upon which relief may be granted. She will be **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

The case may proceed against defendants Bryce and Turner.

**IT IS SO ORDERED.**

Dated: February 17, 2022

<u>s/George Caram Steeh</u>
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 17, 2022, by electronic and/or ordinary mail and also
on Brent James Nash #406338, Oaks (MSP),
Oaks Correctional Facility, 1500 Caberfae Hwy.,
Manistee, MI 49660

s/Brianna Sauve
Deputy Clerk