UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENT JAMES NASH,

                Plaintiff,

                        Case No. 22-CV-10258

    vs.

                        HON. GEORGE CARAM STEEH

A. BRYCE, et al.,

                Defendant.

_____/

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION (ECF No. 39), OVERRULING
PLAINTIFF'S OBJECTIONS (ECF No. 40), AND GRANTING
<u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 32)</u>

      Plaintiff Brent James Nash, a prisoner of the Michigan Department of Corrections (MDOC), filed this pro se civil rights action under 42 U.S.C. § 1983, alleging that Defendants Calvin Turner and Austin Bryce used excessive force in violation of the Eighth Amendment. Defendants moved for summary judgment (ECF No. 32). The motion was referred to the Magistrate Judge, who prepared a Report and Recommendation (R&R) recommending that Defendants' motion be granted (ECF No. 39). The matter is before the court on Plaintiff's timely objections (ECF No. 40). For the reasons set forth below, Plaintiff's objections are overruled and the R&R is adopted as an order of the Court.

When ruling on objections to an R&R, the Court conducts a *de novo* review of the portions of the R&R to which a party has filed specific objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). On the other hand, general objections, or ones that merely restate arguments previously presented to the magistrate judge, are not valid objections and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001).

I.   <u>Magistrate Judge's View of Evidence for Summary Judgment</u>

Plaintiff maintains that the Magistrate Judge did not view the evidence in the light most favorable to Plaintiff as required under the summary judgment standard. Specifically, Plaintiff argues that this case does not present a factual dichotomy because the Magistrate Judge disregarded Plaintiff's testimony that he was not pulling away from the guards at the time he was slammed to the ground. However, the Magistrate Judge found that Plaintiff's and Defendants' accounts of the relevant events, including whether Plaintiff was resisting the officers' attempts to control him, were blatantly dissimilar. "[W]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, a court should not adopt that version of the facts." *Scott v. Harris*, 550 U.S.

372, 380-81 (2007). Here, the Magistrate Judge compared Nash's

assertions that he was not resisting the Defendants' attempts to control him

with what is depicted on the video. The Magistrate Judge applied the

proper standard in adopting a version of events contrary to those asserted

by Plaintiff, where Plaintiff's account is contradicted by the record evidence.

Plaintiff's first objection is overruled.

II.     Magistrate Judge's Conclusion that Defendants did not Violate
        Plaintiff's Eighth Amendment Rights

        Plaintiff maintains that the Magistrate Judge erred in determining that

there is no genuine issue of fact as to whether Defendants violated

Plaintiff's Eighth Amendment Rights. Plaintiff argues that the Magistrate

Judge erred in distinguishing this matter from *Cordell v. McKinney*, 759

F.3d 573 (2014). First, the Magistrate Judge found and gave justification for

his conclusion that Nash posed a safety risk to the prison, other prisoners,

and corrections officers because he had entered an outdoor yard filled with

prisoners when he pulled his arm away from Defendants, causing them to

lose their grip on him. Second, excessive force determinations are not

made using hindsight. Corrections officers "must make their decisions in

haste under pressure, and frequently without the luxury of a second

chance, the issue is not whether the use of force was absolutely necessary

in hindsight, but whether the use of force could plausibly have been thought

necessary." *Cordell*, 759 F.3d at 581 (cleaned up). Defendant Turner's later view of events upon reflection do not change the analysis. Plaintiff's objection is overruled.

III.   Judge's Conclusion that ALJ's Findings Should be Given Preclusive Effect

Plaintiff objects that the Magistrate Judge incorrectly determined the findings of the Administrative Law Judge (ALJ) of Plaintiff's Class I Misconduct should be given preclusive effect. First, he argues that the ALJ's findings are not supported by the evidence because they are inconsistent with Turner's deposition testimony. However, the ALJ had the video evidence, which supports the ALJ's findings that Plaintiff "…pulled away from, and turned towards, the officers and the officers had to place him on the ground to gain control of him." (ECF No. 36-4, PageID.396).

Next, Plaintiff contends the administrative hearing was procedurally deficient because Turner did not testify. There is no procedural requirement that Turner testify or provide a statement, and in this case Plaintiff did not request his testimony. Plaintiff was described as uncooperative with the prison investigator and declined to "request witnesses, submit questions, or request evidence." (ECF 32-5, PageID.155). Furthermore, in the face of the other evidence presented, it is speculative that Turner's testimony would have changed the ALJ's finding. Plaintiff's objection is overruled.

IV.   <u>Magistrate Judge's Conclusion that Defendants are Entitled to Qualified Immunity</u>

Qualified immunity applies if the court can conclude that either no constitutional violation occurred or that the right was not clearly established. *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009). Having found that no constitutional violation occurred, the Magistrate Judge correctly concluded that Defendants have a right to qualified immunity. Plaintiff's objection is overruled.

Now, therefore,

This Court agrees with the analysis conducted and adopts the recommendation made by the Magistrate Judge.

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 39) is adopted by the Court.

IT IS HEREBY FURTHER ORDERED that Plaintiff's objections (ECF No. 40) are OVERRULED.

IT IS HEREBY FURTHER ORDERED that Defendants' motion for summary judgment (ECF No. 32) is GRANTED.

Dated:   February 28, 2024

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record
on February 28, 2024, by electronic and/or ordinary mail.

s/Lashawn Saulsberry
Deputy Clerk